IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

v.

NARCISO MAGAT, individually and d/b/a
MAGATS ASIAN GROCERY & TRADING
a/k/a MAGAT ASIAN GROCERIES,

    Defendant.
                                    /

No. C 11-01149 WHA

**ORDER DENYING MOTION
TO QUASH SERVICE
OF SUMMONS**

## INTRODUCTION

In this telecast-interception action, defendant moves to quash service of the summons. Because service was proper, this order denies defendant's motion.

## STATEMENT

The complaint alleges the following. Plaintiff J & J Sports Productions, Inc., is a California company. It owned the exclusive nationwide television distribution rights to "The Event": Manny Pacquiao v. Joshua Clottey WBO Welterweight Championship Fight Program, which was telecast nationwide on March 13, 2010. Defendant Narciso Magat owns Magats Asian Grocery & Trading, also known as Magat Asian Groceries, located in Union City, California. Defendant allegedly intercepted the March 13 telecast and showed it at his establishment without entering into a sub-licensing agreement with plaintiff (Compl. ¶¶ 6–12).

1     Plaintiff filed this action for unlawful interception against defendant on March 10, 2011
2 (Dkt. No. 1).  After three failed attempts to serve defendant personally, plaintiff served defendant
3 by substituted service on May 3, 2011.  An individual named Renardo accepted service as the
4 person in charge at defendant's commercial establishment (Dkt. No. 12).

5     Defendant filed the instant motion on May 31 but did not notice a date for the motion to
6 be heard.  A briefing schedule was set, giving plaintiff until June 16 to file an opposition brief
7 and giving defendant until June 30 to file a reply brief (Dkt. No. 14).  Plaintiff timely filed an
8 opposition brief (Dkt. No. 15).  It subsequently came to the Court's attention, however, that the
9 order setting the briefing schedule was not served on defendant.  The deadline for defendant's
10 reply was extended to July 7, and both scheduling orders were served on defendant (Dkt. No. 17).
11 Even with the extension, defendant did not timely file a reply brief.

## ANALYSIS

13     Defendant moves to quash service of the summons pursuant to Section 418.10 of the
14 California Code of Civil Procedure.  Defendant asserts that he was the proper agent for service
15 and that he was not properly served (Dkt. No. 13).  Plaintiff opposes the motion on the bases
16 that defendant was properly served and that defendant did not meet his initial burden to provide
17 arguments or authority in support of his motion (Opp. 2–5).

18     Under FRCP 4(e)(1), an individual may be served according to the state's
19 service-of-process provision.  Accordingly, Section 415.20(e) of the California Code of
20 Civil Procedure is applicable in the instant action.  It provides:

> If a copy of the summons and complaint cannot with reasonable
> diligence be personally delivered to the person to be served . . .
> summons may be served by leaving a copy . . . [at the] usual place
> of business . . . in the presence of a competent member of the
> household or a person apparently in charge of [defendant's] office.

24     Plaintiff properly served defendant pursuant to this statute.  Plaintiff attempted three times
25 to serve defendant personally at his place of business.  After those unsuccessful attempts, plaintiff
26 left a copy of the summons and complaint with Renardo, who was the person apparently in charge
27 at defendant's business establishment (Dkt. No. 12).  This use of substituted service was proper.

2

Accordingly, the motion to quash service as improper is **DENIED**.  Plaintiff's argument concerning the adequacy of defendant's support for his motion need not be discussed.

**CONCLUSION**

For the reasons above, defendant's motion to quash service of the summons is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3