IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

    v.

NARCISO MAGAT, individually and d/b/a MAGATS ASIAN GROCERY & TRADING a/k/a MAGAT ASIAN GROCERIES,

    Defendant.

                                    /

No. C 11-01149 WHA

**ORDER RE-AFFIRMING DENIAL OF MOTION TO QUASH DESPITE REPLY BRIEF**

A "reply brief" supporting defendant's motion to quash service of the summons was timely filed, but it was docketed after the order denying the motion issued. Having considered the reply brief, this order finds that it does not change the outcome of the previous order.

*First*, the brief was not filed by defendant or his attorney. Instead, it was filed by non-party Elvira Solis, who "work[s] part-time as a cashier at Magat Asian Groceries." Ms. Solis states that she "[is] not the defendants" [*sic*] but that she "appear[s] specially" to submit the reply brief. Only defendant or his attorney of record, however, may speak or make filings on his behalf. There is no way to determine whether the reply brief supposedly filed on defendant's behalf truly was authorized by him. Accordingly, it need not be considered.

*Second*, even if the reply brief were proper, its arguments are not convincing. The reply brief asserts that substituted service was not proper because Renato Lampa — recorded as "Renardo" in the proof of service — was not the person who owns and runs the business

1  (Dkt. No. 12 at 2; Reply Br. 1–2; Lampa Decl. ¶ 2).  Substituted service, however, does not
2  need to be made on the most senior manager of an establishment.  FRCP 4 is a "flexible rule
3  that should be liberally construed so long as a party receives sufficient notice of the complaint."
4  *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.
5  1984).  Consistent with this interpretation of the rule, California Code of Civil Procedure
6  Section 415.20(e) requires only that the person served be "apparently" in charge at the time
7  of service.  "Service of process is not limited solely to officially designated officers, managing
8  agents, or agents appointed by law for the receipt of process.  The rules are to be applied in a
9  manner that will best effectuate their purpose of giving the defendant adequate notice."
10 *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.
11 1988).  Since Renato admits that he was sometimes "the only person there [at the store]," plaintiff
12 reasonably found him to be the person apparently in charge and able to deliver the summons to
13 defendant (Dkt. No. 12 at 2; Lampa Decl. ¶ 2).

14 Renato's statement that he "didn't understand what the man said" when he accepted the
15 service papers also does not change the analysis (Lampa Decl. ¶ 3).  Renato recalls that he placed
16 the service papers on a table for defendant (Lampa Decl. ¶ 3).  In order to meet due process
17 requirements, the method of service must only be "reasonably calculated, under all the
18 circumstances, to apprise interested parties of the pendency of the action and afford them an
19 opportunity to present their objections."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007,
20 1016 (9th Cir. 2002) (citation omitted).  Here, substituted service on Renato was a reasonable
21 means to get the summons to defendant, since Renato was supervising the store during
22 defendant's absence.  Plaintiff cannot be faulted if defendant or defendant's employee failed to
23 treat the service papers more responsibly after accepting them.

24 The July 8 order (Dkt. No. 22) stands without change.

**IT IS SO ORDERED.**

Dated: July 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2